MARSHALL v. McNEAR.

(District Court, N. D. California. February 27, 1903.)

No. 12,485.

1. SHIPPING—CONSTRUCTION OF CHARTER PARTY—LIABILITY FOR DELAY IN DISCHARGING.

A provision of a charter that "the cargo to be brought to, taken from alongside of the vessel at port of loading and discharge, at charterer's risk and expense," where no time was fixed for loading or discharging, does not impose upon the charterer liability for delay in discharging caused wholly by a general strike among stevedores and teamsters at the port of discharge, for which he was in no way responsible, but merely requires him to discharge the vessel with reasonable diligence under the existing circumstances.

Andros & Hengstler, for libelant.

Page, McCutchen, Harding & Knight, for respondent.

DE HAVEN, District Judge. The libelant is the owner of the ship John Cook, and seeks in this action to recover from the charterer damages for his failure to discharge her cargo within the time which it is alleged he agreed to do, and for the consequent detention of the ship. The provision of the charter in relation to unloading the ship's cargo is as follows: "The cargo to be brought to, taken from alongside of the vessel at port of loading and discharge, at charterer's risk and expense." The libel alleges that, after the arrival of the John Cook at the port of San Francisco, it was agreed between her master and the defendant, as charterer of said vessel, "that the average of one hundred tons * * * per day for each weather working day, exclusive of Sundays, should be taken and admitted to be a reasonable quantity for the daily discharge and delivery of said cargo." The defendant, in his answer, denies that he entered into any agreement with the master of the ship to discharge her cargo at the rate of 100 tons per working day, "or that such or any rate of discharge should be taken for the reasonable quantity

for daily discharge and delivery of said cargo." The defendant admits there was delay in unloading the cargo, but alleges that such delay was caused by the fact of the general strike of stevedores and teamsters in the port of San Francisco, which made it impossible for him to proceed with greater dispatch in the work of removing the cargo from the vessel. I do not think the evidence sufficient to show that the master and defendant made any agreement by which defendant became absolutely bound to discharge 100 tons of cargo per day. The burden of proving that the charter was thus modified is upon the libelant, and upon that question of fact I accept the testimony of Carpentier, the defendant's agent. This testimony undoubtedly shows that it was thought that, under the conditions prevailing at the time the ship commenced to unload, the defendant would be able to remove 100 tons per day, but there was no absolute agreement so to do under any and all conditions which might thereafter arise. It is, however, claimed by the libelant that, in any event, defendant is liable, under the terms of the charter, for the detention of the ship beyond a period which would be reasonable for her discharge under ordinary circumstances. This contention is based upon the provision of the charter that the cargo was to be "taken from alongside the vessel at port of loading and discharge at charterer's risk and expense." It is argued that, in thus stipulating, the defendant, as charterer, agreed to find the labor necessary to take the cargo from alongside the vessel, and assumed the risk of not being able to do so because of unforeseen and extraordinary events, such as strikes. I am, however, unable to place this construction upon the clause in question. The clause released the owner from the duty of delivery at any point beyond his vessel's side, in providing that thereafter the expense of discharge should be borne by the charterer, and the cargo be at his risk; that is to say, when once over the side of the ship, or delivered on the wharf, the cargo ceased to be at the ship's risk, but was at the risk of the charterer, and to be removed at his expense; but the clause was not intended to impose upon the charterer any other duty or risk in relation to the cargo. Inasmuch as the charter party did not fix any definite time within which the defendant was required to discharge or remove the cargo, the defendant is not liable for delay, unless such delay was unreasonable under the circumstances existing at the time. Where the charterer agrees to unload the vessel, but no time is fixed within which it shall be done, the law implies an agreement upon his part to discharge the cargo within a reasonable time. Empire Transp. Co. v. Philadelphia & R. Coal & Iron Co., 77 Fed. 920, 23 C. C. A. 564, 35 L. R. A. 623; Fulton v. Blake et al., 5 Biss. 371, Fed. Cas. No. 5,153; Cross v. Beard, 26 N. Y. 85; 1 Parsons on Shipping and Admiralty, p. 311. In the case first cited, it is said:

"This implied contract to discharge the vessel in a reasonable time is, in effect, a contract to discharge her with reasonable diligence;" and "the burden is on him who seeks to recover damages for the delay of a vessel, under such a contract, to prove that the charterer did not exercise reasonable diligence to discharge her, under the actual circumstances of the particular case."

Such being the law applicable to the contract of the defendant, the question of defendant's liability in this action is easy of solution. That defendant exercised reasonable diligence to remove the cargo placed upon the wharf, under the conditions then prevailing, does not admit of doubt. It is not disputed that the sole cause of defendant's delay in receiving and removing the cargo was a strike of teamsters and stevedores then existing, which greatly interfered with the removal of freight. It is in evidence, and not disputed, that but few men could be found to take the places of the striking teamsters, and these could only work with safety when guarded by special policemen. In short, as a result of the strike, there was at the time almost a complete stoppage of the work of removing freight from the various docks in the harbor. The defendant is not, under the charter party, responsible for the delay in removing the ship's cargo under such circumstances.

The libel is dismissed, with costs.